## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**VALERIYA ISERNIA,**

      **Plaintiff,**

**v.**                                        **Case No: 5:18-cv-588-Oc-30PRL**

**KIRSTJEN M. NIELSEN, L. FRANCIS
CISSNA, KATHERINE BARANOWSKI
and KIMBERLY D DEAN**

      **Defendants.**

_____

## REPORT & RECOMMENDATION[1]

Defendants in this action have filed a motion to dismiss Plaintiff's claim for review of agency action under the Administrative Procedure Act (APA). (Doc. 18). After Plaintiff responded to the motion, (Doc. 21), the Court ordered supplemental briefing on the issues. (Doc. 22, 23, 24). Upon referral from the district court, and after a review of the record, including the supplemental briefs, it is recommended that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

## I.   BACKGROUND

Plaintiff is a Russian national married to an American citizen. (Doc. 1 ¶¶12–13). In 2006, prior to marrying her husband, Plaintiff filed an application for asylum and withholding of removal proceedings with U.S. Citizenship and Immigration Services (USCIS). She later withdrew the asylum application after her marriage. (Doc. 1 ¶¶15–17). Plaintiff's spouse then filed a form I-130

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

to reclassify Plaintiff as an immediate relative at the same time that Plaintiff filed a form I-485 seeking an adjustment in her immigration status. (Doc. 1 ¶¶18–20).

USCIS denied Plaintiff's form I-485 application under 8 U.S.C. § 1182(a)(6)(C)(i), finding that she had procured, or sought to procure, an immigration benefit by fraud—namely, that she had provided false information as part of her initial asylum application. (Doc. 1 ¶21). Plaintiff appealed that decision, and the case was reopened, but USCIS ultimately denied the application on the same grounds. (Doc. 1 ¶23–24). In December 2016, Plaintiff filed a second form I-485, which was again denied on the same grounds. (Doc. 1 ¶28). The decision specified that Plaintiff was inadmissible based on the fraud, and Plaintiff had not applied for a waiver of her inadmissibility. (Doc. 1 ¶29). The denial of the second form I-485 is the subject of this action.

In her complaint, Plaintiff requests that the Court review the agency's decision and find the agency's action in denying her application without notifying her of the possibility of obtaining a hardship waiver, which could have allowed her application to be approved despite the fraud, to be arbitrary and capricious.[2] (Doc. 1). In her complaint, Plaintiff argues that Defendants are "under an affirmative obligation to provide Plaintiff with an opportunity to apply for a 'waiver of inadmissability.'" Plaintiff seeks an order compelling Defendants to adjudicate her form I-485 along with her associated waiver of admissibility. (Doc. 1, p. 9).

## II.   LEGAL STANDARD

Defendants have moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). "A pleading that states a claim for relief must contain . . . a short

---

[2] Title 8 U.S.C. § 1882(i) provides the attorney general the discretion to waive the denial of application for adjustment of status that was based on § 1182(a)(6)(C) "in the case of an immigrant who is the spouse . . . of a United States citizen . . . if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen . . . spouse . . . of such an alien."

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

The Eleventh Circuit uses a two-pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. The court must first, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

III.   **DISCUSSION**

In their motion to dismiss, Defendants challenge both the Court's jurisdiction to hear Plaintiff's claim and argue that Plaintiff has failed to state a claim. The Court agrees that Plaintiff has failed to state a claim and, accordingly, submits that the motion to dismiss should be granted on that basis.

To begin, Plaintiff maintains that jurisdiction is proper under section 10 of the Administrative Procedure Act (APA), codified at 5 U.S.C. § 704, and the general federal question statute, 28 U.S.C. § 1331.[3] While the APA does not confer jurisdiction, it does creates a cause of action under the general federal question statute for parties adversely affected by agency action. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). And Plaintiff here does submit that she was subject to adverse action by an agency. *See Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494–95 (6th Cir. 2014) (holding district court had jurisdiction to consider claim of improper denial of fraud waiver application).[4]

While the parties agree that discretionary decisions of the Attorney General are non-reviewable, *see* 8 U.S.C. § 1252(a)(2)(B), Plaintiff's claim raises the question whether the government had a non-discretionary legal obligation to provide her notice and opportunity to submit a hardship waiver prior to denying her application. *See Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1144–45 (11th Cir. 2009) (holding that jurisdiction exists in the district court to review non-discretionary decisions raising purely legal questions that do not arise in removal proceedings).

Further, although judicial review is not available under the APA unless "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule," *see Darby v. Cisneros*, 509 U.S. 137, 146 (1993), and the Eleventh Circuit has held that the denial of

---

[3] Plaintiff also invokes the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202, but that statute does not itself confer jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (explaining that the Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction").

[4] Because the APA itself is not a jurisdictional statute, courts have noted that the failure to state a claim under the APA is not a problem with the court's subject-matter jurisdiction. *See, e.g., Jama*, 760 F.3d at 494 n.4; *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183–84 (D.C. Cir. 2006) (holding final agency action requirement is not jurisdictional despite dicta to the contrary); *Reliable Automobile Sprinkler Co., Inc. v. Consumer Product Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (affirming dismissal for lack of jurisdiction and noting technically dismissal was proper for failure to state a claim).

a form I-485 application for adjustment of status is not final action where removal proceedings are pending because the applicant can renew the application before the immigration judge or file any other adjustment of status application, *see Ibarra v. Swaciana*, 628 F.3d 1269, 1270 (11th Cir. 2010), here the government acknowledges that no removal proceedings are pending. (Doc. 24, p. 3).

On this issue, the Eleventh Circuit explicitly reserved the question whether review is proper under the APA where the alien has not been placed into removal proceedings. *Ibarra*, 628 F.3d at 1270 n.2. And other circuit courts of appeals have split on the question. *Compare Pinho v. Gonzalezes*, 432 F.3d 193, 202 (3d Cir. 2005) (permitting review under the APA) *with Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (finding review unavailable because plaintiff had not exhausted her administrative remedies where removal proceedings had not begun). Notably, though, this Court need not resolve that issue because Plaintiff has not stated a claim on the basis of which relief may be granted.

Plaintiff has explicitly limited her claim to the narrow issue of "whether the agency was required, as a matter of law, to provide Plaintiff with the opportunity to submit a waiver of inadmissibility upon determining her ineligibility in accordance with § 1182(a)(6)(C)(i)." (Doc. 23, p. 4). Plaintiff acknowledges that she could seek review of the substantive denial of her application (to the extent the denial was not based on discretionary authority) but states specifically that "Plaintiff does not seek such review." (Doc. 23, p. 3).

Limiting the Court's review, then, to the issue of providing Plaintiff with the opportunity to submit a waiver of inadmissibility under § 1182(i), it is plain that Plaintiff has not stated a claim. Plaintiff seeks a writ "in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants to adjudicate Plaintiff's Form I-485 and associated waiver of

admissibility." (Doc. 1, p. 9). But this Court may only compel action under the APA that is "legally required." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004). "This limitation appears in § 706(1)'s authorization for courts to 'compel agency action *unlawfully* withheld. . . . Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.'" *Id.*

While the Court might arguably have the authority to order the agency to consider a properly filed waiver application, Plaintiff has failed to allege that she applied for a waiver or that there was any other requirement of law that the agency violated. There is no allegation in Plaintiff's complaint that she actually submitted, or attempted to submit, a waiver and was denied. And the order denying Plaintiff's form I-485, which was attached to the complaint, states that Plaintiff "did not apply for a waiver of inadmissibility." (Doc. 1 Exh. A). Plaintiff has cited to no provision of law—neither statute nor regulation—that supports her position that the agency was required to notify her of her opportunity to seek a hardship waiver before denying her application for adjustment of status. There is thus no basis for ordering the agency to consider a hardship waiver for Plaintiff as the failure to consider such an application was not unlawful or otherwise legally required.

Implicitly acknowledging the lack of statutory support for her position, Plaintiff maintains the agency violated her Fifth Amendment due process rights, arguing that the agency was required to give her notice of the possibility of a waiver after determining she was not eligible for an adjustment of status but before denying her application. (Doc. 21, p. 5–6).

Due process requires notice and an opportunity to object incident to a deprivation of life, liberty, or property. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). To state a claim

for a violation of procedural due process, the plaintiff must show: (1) a deprivation of liberty or property; (2) state action; and (3) a constitutionally inadequate process. *Grayden*, 345 F.3d at 1232.

Assuming the first two elements are met here, Plaintiff has not shown that USCIS's process for denying her form I-485 application was constitutionally inadequate. Plaintiff's application for adjustment of status was accepted by the agency, and there are no allegations that it was improperly adjudicated.[5] After Plaintiff's first application was denied, she elected to appeal that decision rather than seek a waiver. (Doc. 1 ¶22). She subsequently filed a second application but again declined to request a waiver. (Doc. 1 ¶25). Whatever Plaintiff's reasons for not seeking a waiver, there are no factual allegations that support her claim that she was denied notice of the agency's actions on her application or that she was denied an opportunity to dispute the decision.

And while Plaintiff maintains the agency had an affirmative obligation to advise her of her right to seek a waiver (although she does not specify when or how this duty to notify arose), Plaintiff has provided no authority for the proposition that due process requires such additional notice, and the Court see no reason to believe it would. The waiver statute is published in the U.S. Code, and the order denying her application and explaining that she had not applied for a waiver also provided an opportunity to reopen or reconsider the application—a procedure Plaintiff has used once before. (Doc. 1). Plaintiff fails to explain why USCIS was required to do more.

---

[5] Plaintiff's complaint is somewhat ambiguous on this point, maintaining that she did not commit immigration fraud. (Doc. 1 ¶39). Her response clarifies, though, that while she believes she could seek review of the factual issues of the denial, she is limiting her current claim to the waiver issue. (Doc. 23, p. 4) ("While the propriety of the agency's inadmissibility determination under § 1182(a)(6)(C)(i) could be subject to review, Plaintiff does not request this.").

## IV.   RECOMMENDATION

According, it is **RECOMMENDED** that Defendants' motion to dismiss be granted based on Plaintiff's failure to state a claim on which relief could be granted. (Doc. 18).

**Recommended** in Ocala, Florida on June 14, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy